ELIZABETH BOSLEY, APPELLEE, V. CHARLES E. LAVERICK ET
AL., APPELLANTS.

FILED MAY 23, 1911.   No. 16,469.

**Deeds: UNDUE INFLUENCE: EVIDENCE: SUFFICIENCY.** The question presented in this case is solely one of fact, and the evidence is found to be sufficient to support the decree.

APPEAL from the district court for Furnas county: ROBERT C. ORR, JUDGE.  *Affirmed.*

*Heasty, Barnes & Rain,* for appellants.

*Perry, Lambe & Butler, contra.*

SEDGWICK, J.

In August, 1907, this plaintiff, Elizabeth Bosley, conveyed to the defendant, Charles E. Laverick, by quitclaim deed, for the nominal consideration of one dollar, a quarter section of land in Furnas county.  Mr. Laverick was acting as an intermediary, and as a part of the same transaction he, together with his wife, conveyed the same land to Emanuel A. Bosley, the plaintiff's husband.  This conveyance was also a quitclaim deed and for the nominal consideration of one dollar.  After the death of Emanuel A. Bosley, the plaintiff began this action against his heirs and the said Laverick in the district court for Furnas county to cancel said conveyances.  The district court found generally in her favor and entered a judgment canceling the deeds.  Some of the defendants made default; others have contested the suit, and have appealed to this court.  The defendants in their brief say that two questions are presented: "First.  Did the appellee on the 2d day of August, 1907, freely and voluntarily join in the execution of the deed whereby the premises in controversy were conveyed through a trustee to her husband?  Second.  Was the appellee through 'deceit, fraud, and misrepresentation induced to execute the deed and to believe that her

husband would be entitled to a life interest in the lands therein described, and no more, and that upon his death said lands would revert in fee to the heirs at law of the plaintiff?" "

The petition alleges that the plaintiff was married to Mr. Bosley in January, 1898; that she then had four children by a former husband, and that she had dower and homestead rights in a valuable farm of 160 acres in Furnas county and was the owner of personal property of the value of $2,100; that the farm in suit was purchased wholly with her money, the proceeds of her property; that Mr. Bosley at the time of their marriage had no property whatever; that, when the said deeds of the property in question were made, the plaintiff was old, infirm and ill, believed that she was in her last illness, and "wholly ignorant of business methods," and "by reason of said sickness * * * wholly incapacitated from properly attending to matters of business"; that she desired, in case of her death, that her husband should "have the use and control of the aforesaid described land after the death of the plaintiff during the lifetime of the said Emanuel Bosley, and no longer"; and that Mr. Bosley, knowing this, and taking advantage of her sickness and ignorance, procured her to execute the aforesaid deed, which was an absolute conveyance on its face. The petition is quite lengthy and contains other similar allegations that it is not necessary now to recite. The answer admits the marriage and the conveyance and other formal matters, and denies generally the other allegations of the petition. There is no allegation in the answer that Mr. Bosley at any time owned any property, or that he in any way contributed to the purchase of the property in question.

That the plaintiff was ill and confined to her bed at the time of the execution of the deed in question seems to be admitted, but it is contended that the evidence does not show that any special effort was made by the parties present to persuade the plaintiff to execute the deeds instead of a life lease. The evidence shows without contradiction

that the plaintiff at the time of her marriage was possessed of the property substantially as alleged, and that the land in question was purchased from the proceeds of this property. There is no attempt to allege or prove that Mr. Bosley furnished any of the money with which to buy this land. There was no motion for a new trial in the district court. We cannot therefore consider errors of law occurring at the trial. There was some incompetent evidence received. The plaintiff being the real party in interest and the adverse parties being the representatives of the deceased person, she was not qualified to testify to the transaction between herself and the deceased. If the objection to her testimony should not be considered now as waived, and her testimony upon those particular transactions is rejected, there is still ample evidence to show that the land in question was hers at the time of the execution of these deeds, and that she was not in a condition to realize that she was giving an absolute conveyance instead of a life lease of the land, and that Mr. Bosley and those who acted for him took advantage of this situation and so procured the conveyance which was wholly involuntary on her part. The allegations of the petition and the proof agree in this matter, and there is no ground for the criticism in that regard.

The decree of the district court is right, and is

AFFIRMED.

FAWCETT, J., not sitting.

LETTON and ROOT, JJ., concur in conclusion.